IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DELLWAYNE PRICE, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 5:22-CV-00180-MTT-CHW |
| VS. | : | |
| | : | |
| Sgt. PHILLIPS; WILLIAMS, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Dellwayne Price, an inmate currently incarcerated at the Macon State Prison in Oglethorpe, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff has also filed a motion for leave to proceed *in forma pauperis* in this case (ECF No. 2).  For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's excessive force claims shall proceed for further factual development.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 2) is hereby **GRANTED**.[1]

---

[1] Plaintiff's account statement indicates that he received "stimulus payments" in the amount of $3,222.93.  ECF No. 2 at 5.  However, those funds have not been released to the incarcerated within the Georgia Department of Corrections for personal use. *See e.g.*

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.       Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to Macon State Prison.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the

---

https://www.gpb.org/news/2021/02/06/stimulus-debit-cards-unusable-for-prison-inmates-in-at-least-four-states.  Plaintiff's account statement reflects this trend in that his "spendable amount" of funds is shown as $0.  ECF No. 2 at 5.

$350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.      Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I.      Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or

employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at

556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

According to the Complaint, on February 2, 2022, Sergeant Phillips and Officer Williams came to Plaintiff's cell and told him to close the tray flap. ECF No. 1-1 at 2. Plaintiff put his arm in the tray flap, told Defendants that he did not feel well, and asked to be taken to the medical unit. *Id*. Defendant Phillips stated that he did not have time to deal with Plaintiff, and both Phillips and Williams grabbed the tray flap and repeatedly slammed it on Plaintiff's arm. *Id*. Sgt. Phillips then tased Plaintiff. *Id*. Plaintiff states his arm was swollen and he was not taken to medical. *Id*. Plaintiff contends that this use of excessive force violated his constitutional rights, and as a result of this alleged violation he seeks declaratory and injunctive relief as well as monetary damages. *Id.* at 3.

III.    Plaintiff's Eighth Amendment Claims against Defendants

Plaintiff has alleged that Defendants used excessive force against him. Force that is applied to a prisoner "maliciously and sadistically to cause harm" can violate the Eighth

5

Amendment and give rise to claims under § 1983. *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). Construed liberally, Plaintiff's allegations that Defendants Phillips and Williams intentionally slammed Plaintiff's arm in the tray flap in order to cause him harm cannot be summarily dismissed at this time. Additionally, Plaintiff's claim that Defendant Sergeant Phillips unnecessarily tased him cannot be summarily dismissed at this stage in the case. Thus, Plaintiff's excessive force claims shall proceed forward for further factual development.

### III.   Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff's excessive force claims against Defendants shall proceed for further factual development.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Phillips and Williams, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has

7

been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The

Defendants shall not commence discovery until such time as an answer or dispositive

motion has been filed. Once an answer or dispositive motion has been filed, the parties are

authorized to seek discovery from one another as provided in the Federal Rules of Civil

Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any

time during the time period hereinafter set out provided prior arrangements are made with

his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may**

**result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

**Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service

of written discovery requests) shall be completed within 90 days of the date of filing of an

answer or dispositive motion by the Defendants (whichever comes first) unless an

extension is otherwise granted by the court upon a showing of good cause therefor or a

protective order is sought by the defendant and granted by the court. This 90-day period

shall run separately as to Plaintiff and Defendants beginning on the date of filing of

Defendants' answer or dispositive motion (whichever comes first). The scheduling of a

trial may be advanced upon notification from the parties that no further discovery is

contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be

required to respond to any discovery not directed to him/her or served upon him/her by the

opposing counsel/party. The undersigned incorporates herein those parts of the **Local**

**Rules** imposing the following limitations on discovery: except with written permission of

8

the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 12th day of May, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge