**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **DELLWAYNE PRICE,**        ) | |
|            ) | |
| **Plaintiff,**        ) | |
|            ) | |
| **v.**        ) | **CASE NO. 5:22-CV-180 (MTT)** |
|            ) | |
|            ) | |
| **Sergeant PHILLIPS, et al.,**        ) | |
|            ) | |
| **Defendants.**        ) | |
| _____ ) | |

## <u>ORDER</u>

Plaintiff Dellwayne Price moves for leave to appeal *in forma pauperis* ("IFP") and for the appointment of counsel.  Docs. 56; 57.  For the reasons that follow, the motions (Docs. 56; 57) are **DENIED**.

### I. BACKGROUND

On May 12, 2022, Price's complaint was screened pursuant to 28 U.S.C. § 1915A.  Doc. 4.  The Magistrate Judge determined that Price's claims should proceed for further factual development.  *Id*.

According to the complaint, on February 2, 2022, Sergeant Phillips and Officer Williams came to Price's cell and told him to close the tray flap.  Doc. 1-1 at 2.  Price's arm was in the tray flap, and he refused to remove it until the defendants took him to the medical unit.  *Id*.  In response to his demands, Price alleges that Phillips and Williams grabbed the tray flap and repeatedly slammed it on his arm and that Phillips tased him.  *Id*.  Price contended that this use of force was excessive and violated his constitutional

rights.  *Id*. at 3.  On July 18, 2022, the defendants answered Price's complaint and denied that they had used excessive force.  Doc. 13.  Discovery then commenced.

On October 11, 2022, Price filed "Defendants [sic] response to plaintiff's Interrogatories and Request For production of Documents," which claimed that the defendants failed to respond to his discovery requests.  Doc. 17.  The Court ordered the defendants to answer Price's discovery requests by February 2, 2023.  Doc. 18.  After the close of discovery, neither party moved for summary judgment.  As a result, the Court set the case for trial.[1]  Doc. 19.

During the March 29, 2023 pretrial conference, Price claimed the defendants did not comply with the Court's prior order and had not produced documents responsive to his discovery requests.  Doc. 23 at 2.  Defense counsel stated that the defendants responded to Price's prior discovery requests.  Price then clarified that he was seeking additional discovery, such as video evidence, medical records, standard operating procedures, and the defendants' litigation history.  The Court resolved each of these issues: defense counsel would submit an affidavit or present witnesses at trial to testify that there was no video evidence of the incidents; medical records would be provided by the defendants; the standard operating procedures were irrelevant; and the defendants' litigation history (i.e., additional incidents of excessive force against other inmates) were irrelevant and prejudicial.

---

[1] Price filed two other cases involving a "tray flap" incident that were ready for trial in the Spring of 2023. *Price v. Lamar et. al.*, No. 5:21-cv-179-MTT, Doc. 26, (M.D. Ga. March 14, 2023); *Price v. Ivey et. al.*, No. 5:21-cv-97-MTT, Doc. 28 (M.D. Ga. March 14, 2023).  On March 29, 2023, the Court held a pretrial conference for all three cases.  Doc. 23.  Two of the cases were set for trial on the April 2023 trial calendar.  *Id*.  Due to scheduling conflicts, the third case (i.e., this case) was continued until the November 2023 trial calendar.  *Id*.

During the November 1, 2023 pretrial conference, Price again raised an issue with discovery.  Doc. 45 at 1-2.  Specifically, Price stated that he sent new discovery requests on October 9, 2023 that had not been answered and his papers were getting lost because he was being transferred from prison to prison.  As for the October 9, 2023 discovery requests, the Court stated that it was too late to request new discovery—the discovery period closed months before and Price was aware that the case was going to trial since March 2023.  Furthermore, Price's "new" discovery requests sought "the defendant's history" and "their backgrounds," which the Court previously ruled was irrelevant and inadmissible.  *See* Doc. 23.  As for his lost documents, the Court instructed defense counsel to resend the previous discovery to Price and provide a copy to the Court.  Doc. 45 at 2.  Defense counsel resent Price the discovery and emailed a copy of discovery to the Court.

After a one-day trial, the jury quickly returned a verdict for the defendants.  Docs. 46; 50.  On December 6, 2023, Price filed a notice of appeal.  Doc. 52.  Price's motion to proceed IFP soon followed.  Doc. 57.

## II. DISCUSSION

Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> …
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma
>     pauperis must file a motion in the district court. The party must attach
>     an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees
>         and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
> (2) If the district court denies the motion, it must state its reasons in
>     writing.

The Court, therefore, must make two determinations when faced with a motion to proceed IFP.  First, it must determine whether Price is financially able to pay the filing fee required for an appeal.  Price submitted an updated certified copy of his trust fund account statement, which indicates that he is unable to pay the filing fee.  Doc.  57-1.[2]

Second, the Court must determine if Price has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.  An issue "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (quoting *Harris v.*

---

[2] Price's account statement indicates that he received "stimulus payments" in the amount of $3,222.93. Doc. 57-1.  However, those funds have not been released to the incarcerated within the Georgia Department of Corrections for personal use. *See, e.g.*, https://www.gpb.org/news/2021/02/06/stimulus-debit-cards-unusable-for-prison-inmates-in-at-least-four-states.  Price's account statement reflects this trend in that his "spendable amount" of funds is shown as $ 0.00.

*Menendez*, 817 F.2d 737, 740 (11th Cir. 1987), *abrogated on other grounds by Neitzke*

*v. Williams*, 490 U.S. 319 (1989)).  "In deciding whether an [IFP] appeal is frivolous, a

district court determines whether there is 'a factual and legal basis . . . for the asserted

wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (quoting *Watson v. Ault*, 525

F.2d 886, 892 (5th Cir. 1976)).

      A statement of the issues an Appellant intends to appeal is required under

Federal Rule of Appellate Procedure 24(a)(1)(C).  Here, Price states he is appealing the

following issue:

> On August 8, 2022, plaintiff send [sic] defendant Phillips plaintiff's
> interrogatories and request for production of documents.  Defendant
> Phillips fail [sic] to comply with Federal Rules 33 and 34 of the Federal
> Rules of Civil Procedure also Federal Rule 26(b)(1) discovery.

Doc. 57.  As outlined above, Price's discovery requests were addressed by the Court at

length prior to trial.  The Court ensured that permissible discovery requests were

answered, and the remaining requests sought irrelevant and prejudicial information.

The appeal, therefore, is not brought in good faith and is frivolous. Consequently,

Price's motion to appeal IFP (Doc. 57) is **DENIED**.

      If Price wishes to proceed with his appeal, he must pay the entire $605 appellate

filing fee.  Because Price has stated that he cannot pay the fee immediately, he must

pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to

section1915(b), the prison account custodian where Price is confined shall cause to be

remitted to the Clerk of this Court monthly payments of 20% of the preceding month's

income credited to Price's account (to the extent the account balance exceeds $10) until

the $605 appellate filing fee has been paid in full. Checks should be made payable to

"Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Price is incarcerated.

Additionally, Price requests that the Court appoint counsel to assist him with his appeal.  Doc. 56.  The Court previously denied Price's request for counsel.  Docs. 15; 26; 32.  The Court has repeatedly explained that "[n]o right to counsel exists in civil rights actions."  Doc. 15 at 1 (citing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  Price has set forth the essential factual allegations underlying his appeal, the applicable legal doctrines are readily apparent, and the Court has determined that the appeal is frivolous.  Counsel, therefore, is not necessary.  Accordingly, Price's motion to appoint counsel (Doc. 56) is **DENIED**.

In sum, Price's motion for leave to appeal IFP (Doc. 57) and motion to appoint counsel (Doc. 56) are **DENIED**.

**SO ORDERED**, this 2nd day of January, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT